IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RONALD M. LEVINSON,<br><br>    Plaintiff,<br><br>vs.<br><br>SCOTT P. RICHARDSON,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 2:12-CV-947 TS |

This matter is before the Court for consideration of Plaintiff's Motion for Official Service of Process. Having reviewed the Motion, the Court finds that before the Motion can be granted, certain deficiencies in Plaintiff's Complaint must be corrected.

I.  BACKGROUND

Plaintiff is proceeding *pro se* and *in forma pauperis*. Plaintiff has submitted a "Civil Rights Complaint" form naming Dr. Scott P. Richardson as Defendant. Plaintiff's allegations arise from his claim that he lost the hearing in his left ear after a shoulder surgery conducted at the Veterans Affairs Medical Center. Dr. Richardson was allegedly the anesthesiologist present at the surgery and it is the anesthesia that Plaintiff blames for his hearing loss. Plaintiff brings claims for negligence and medical malpractice.

1

## II.  DISCUSSION

Plaintiff has filed a "Civil Rights Complaint" form.  That form contains a section where Plaintiff can identify whether he brings his claims pursuant to 42 U.S.C. § 1983, § 1985, or a different code section.  Plaintiff did not so identify.

The Court finds that Plaintiff has not stated a claim under either § 1983 or § 1985.  To state a claim under § 1983, Plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[1]   A claim under § 1985(3) requires: "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom."[2]

Plaintiff has failed to allege a violation of his constitutional rights by a person acting under color of state law.  Further, Plaintiff has failed to allege any conspiracy to deprive him of equal protection or equal privileges and immunities.  Therefore, the Court finds that Plaintiff's Complaint fails to state a claim under either statute.  If Plaintiff seeks to bring a claim under either of these sections, additional allegations are required.

Though Plaintiff has not stated a claim under § 1983 or § 1985, it is not clear that Plaintiff is actually seeking to bring a claim under either provision.  Rather, the correspondence filed with the Court on December 12, 2012,[3] indicates that Plaintiff may be seeking to bring a

---

[1] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).

[3] Docket No. 5.

claim under the Federal Tort Claims Act ("FTCA").  The FTCA permits

> civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.[4]

In his December 12, 2012 filing, Plaintiff attached a letter from the United States Department of Veterans Affairs rejecting his administrative tort claim.  That letter advises that, if dissatisfied, Plaintiff may file a claim in accordance with the Federal Tort Claims Act.  It appears that this action is being brought pursuant to that letter.

If Plaintiff is seeking to bring a claim under the Federal Tort Claims Act, as it seems, his Complaint remains deficient.  As stated, Plaintiff names Dr. Richardson as the only Defendant to this action.  However, the proper defendant in a suit under the Federal Tort Claims Act is the United States, not the Department of Veterans Affairs or its doctors.[5]  Therefore, if Plaintiff seeks to bring a claim under the Federal Tort Claims Act he must amend his Complaint to name the United States as the defendant in this action.

---

[4] 28 U.S.C. § 1346(b).

[5] *See* 28 U.S.C. § 2679(a), (b)(1); 38 U.S.C. § 7316; *see also Carr v. Veterans Admin.*, 522 F.2d 1355, 1356 (5th Cir. 1975) (finding that Department of Veterans Affairs and its doctors are not proper parties to a Federal Tort Claims Act suit).

## III.  CONCLUSION

Based on the above, Plaintiff is hereby

ORDERED to file an amended complaint within thirty (30) days of this Order curing the deficiencies set forth above.  When the amended complaint is filed, the Court will consider Plaintiff's Motion for Official Service of Process.

DATED   December 18, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge